UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **CUSTOM CARPETS AND INTERIORS, INC.** | * | **CIVIL ACTION NO.  14-3138** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | * | **MAG. JUDGE KAREN L. HAYES** |

<u>**MEMORANDUM ORDER**</u>

Before the undersigned Magistrate Judge, on reference from the District Court, are the

following motions:  1) motion to strike expert testimony and report [doc. # 16] filed by defendant

State Farm Fire and Casualty Company ("State Farm"); and 2) motion to modify schedule to

allow additional expert witness [doc. # 18] filed by plaintiff Custom Carpets and Interiors, Inc.

("CCI").  The motions are opposed.  For reasons assigned below, the former motion [doc. # 16]

is DENIED, whereas the latter [doc. # 18] is GRANTED.[1]

<u>Background</u>

CCI is a flooring supplier and installer located in Monroe, Louisiana.  (Petition, ¶¶ 1-3).

On December 21, 2013, a severe thunderstorm inflicted extensive damage to CCI's Monroe store

and showroom, which caused CCI to remain closed and inoperable from December 21, 2013,

until April 2014.  (Petition, ¶¶ 5-6).  During this period, CCI maintained a Business Personal

Property insurance policy issued by State Farm that included an endorsement for Loss of Income

and Extra Expense.  *Id*., ¶ 7.  In the wake of the storm, CCI and a State Farm representative

---

[1]  As these motions are not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

agreed that State Farm would compensate CCI at a rate of $3,924.83 per day, paid monthly, for CCI's business loss (the "January 2, 2014, Agreement").  *Id.*, ¶¶ 10-12.

In accordance with the terms of the January 2, 2014, Agreement, State Farm reimbursed CCI for the months of December and January.  *Id.*, ¶¶ 13, 18.  Thereafter, however, without notice to CCI, State Farm terminated CCI's business loss payments because it determined that CCI's operations had been restored.  *Id.*, ¶ 19.  CCI learned of State Farm's changed position during the second week of March 2014, and promptly notified State Farm that the business was in no way operational.  *Id.*  Moreover, due to State Farm's delay in making business interruption payments, CCI began to struggle to meet its obligations, which, in turn, caused CCI's business reputation and creditworthiness to suffer and decline.  *Id.*, ¶ 22.  CCI also had to discharge several key employees which further diminished the business's goodwill.  *Id.*, ¶ 24.

Over the next several months, State Farm and CCI continued to dispute the amount owed for business loss, with each side retaining consultants.  *See* Petition, ¶¶ 25-33.  Despite some movement, State Farm refused to compensate CCI for any additional business loss in accordance with the terms of the parties' January 2, 2014, Agreement.  *Id.*, ¶ 33.

Accordingly, on September 26, 2014, CCI filed the instant "Petition for Damages for Breach of Contract, Breach of Settlement Agreement, Unfair Trade Practices, Bad Faith and Penalties" against State Farm in the 4th Judicial District Court for the Parish of Ouachita, State of Louisiana.  (Petition).  The petition seeks enforcement of the January 2, 2014, Agreement, or alternatively, recovery under theories of detrimental reliance and breach of contract.  *Id.*, ¶¶ 34-37.  CCI also alleges that State Farm acted in bad faith and engaged in misrepresentation and deceptive actions in violation of Louisiana Revised Statutes 22:1973 and 51:1401, *et seq.*  *Id.*, 38-41.  CCI seeks recovery for all of its losses.  *Id.*  On October 29, 2014, State Farm removed

the case to federal court pursuant to the court's diversity jurisdiction, 28 U.S.C. § 1332.  (Notice of Removal).

On July 9, 2015, State Farm filed the instant motion to strike CCI's proposed expert economist, Dr. Robert Eisenstadt, on the twin grounds that he intends to opine on an issue not pled by plaintiff in its complaint, and because plaintiff failed to disclose him by the applicable deadline.  On July 14, 2015, CCI filed an out-of-time motion to modify the scheduling order to permit it to designate an expert adjuster, Don Ziegler.  Both motions are opposed.  *See* doc. #s 21 & 25.  On August 4, 2015, State Farm filed a reply brief in support of its motion to strike.  [doc. # 24].  CCI did not seek leave to file a reply in support of its motion, and the time to do so has lapsed.  *See* Notice of Motion Setting [doc. # 20].  Thus, the matter is ripe.

## Law

Pursuant to the Federal Rules of Civil Procedure, a party is obliged to disclose to other parties the identity of any expert witness that he intends to call at trial.  Fed.R.Civ.P. 26(a)(2)(A).  In addition, the party must produce a written report prepared by each expert.  Fed.R.Civ.P. 26(a)(2)(B).  These disclosures must be made at the times and sequences ordered by the court.  Fed.R.Civ.P. 26 (a)(2)(D).  A party must supplement these disclosures in a timely manner if the party learns that the disclosure or response is materially incomplete or incorrect.  Fed.R.Civ.P. 26(a)(2)(E) & (e).

A court is required to issue a scheduling order that may modify the timing of disclosures under Rules 26(a) and 26(e)(1).  Fed.R.Civ.P. 16(b)(1) & (3).  In this case, the court issued a scheduling order that contained the following pertinent deadlines,

1)      Amend Pleadings                                      April 24, 2015

3

| | | |
|---|---|---|
| 2) | Identify Experts to Opposing Parties | June 12, 2015 |
| 3) | Plaintiff's Expert Report Deadline | June 23, 2015 |
| 4) | Defendants' Expert Report Deadline | July 23, 2015 |

(Jan. 15, 2015, Sched. Order [doc. # 10]).

The scheduling order further specified that any motion to extend a deadline is required to be filed "as soon as possible, but in any event, not later than the day *before* the existing deadline." *Id*. (emphasis added).

Once issued, "a schedule may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4).[2]  Good cause is met when the party seeking relief demonstrates that "the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C., supra*.  Furthermore, "[i]n the context of an untimely motion to submit expert reports, designate experts, or amend the pleadings, the Fifth Circuit applies a four-factor balancing test to determine whether good cause exists:  (1) the explanation for the failure to adhere to the deadline at issue; (2) the importance of the proposed modification to the scheduling order; (3) potential prejudice; and (4) the availability of a continuance to cure such prejudice." *Hernandez v. Mario's Auto Sales, Inc.*, 617 F. Supp.2d 488, 493 (S.D. Tex. Jan. 21, 2009) (citing *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir.1997) (submit expert reports); *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir.1990) (designate expert witnesses); *S & W Enters., LLC*, 315 F.3d at 536 (amend the pleadings).

## Discussion

---

[2]  Rule 16(b) also governs amendment of pleadings after a scheduling order deadline has expired.  *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003)

a)    Motion to Strike Robert Eisenstadt

In a report dated June 13, 2015, Robert Eisenstadt, Ph.D., opined that because of the decline in revenue and the annual net loss experienced by CCI in 2014, the business likely would command a lower price if it were sold.  (June 13, 2015, Letter from Robert Eisenstadt to Charles Heck, Jr., M/Strike, Exh. E).  Although plaintiff did not disclose Dr. Eisenstadt's name to State Farm by the June 12, 2015, disclosure deadline, it did provide State Farm with a copy of Dr. Eisenstadt's report by the June 23, 2015, expert report deadline.

State Farm urges the court to strike Dr. Eisenstadt's report because plaintiff's complaint did not include a damages claim for business value reduction.  As a result, Dr. Eisenstadt's report constitutes State Farm's first notice that plaintiff was seeking this item of damages.  The court observes, however, that plaintiff's bad faith claim sought "damages in the amount of its loss, additional general and special damages for delay . . ."  (Petition, ¶ 40).  Similarly, plaintiff's claim for unfair trade practices sought judgment "for all losses caused by State Farm's unfair and deceptive trade practices . . ."  *Id*., ¶ 41.  These broad damages claims, together with CCI's allegations that State Farm's actions caused its business reputation, creditworthiness, and goodwill to suffer, *see* ¶¶ 22 and 24, certainly provided State Farm with fair notice that CCI's damages were more extensive than mere recovery of policy proceeds.  The exact extent of plaintiff's losses should have been a matter for the discovery process.

The court further finds that State Farm has not demonstrated any material prejudice from plaintiff's counsel's inadvertent, eleven day delay in disclosing the expert economist.  If State Farm required additional time to identify its own economist or for its expert to modify his or her report, plaintiff obviously did not (and still does not) object to same.  *See* Pl. Opp. Memo., pg. 6. Moreover, Dr. Eisenstadt's testimony is vital to plaintiff's damages claim for decreased business

5

valuation.  In sum, application of the four-factor balancing test to plaintiff's eleven day delay in complying with the scheduling order does not warrant striking Dr. Eisenstadt's testimony and report.

b)      Motion to Modify Schedule to Add Don Ziegler as an Expert

By this out-of-time motion, CCI seeks permission to add Don Ziegler as an expert adjuster, as well as an unspecified extension of time to provide defendant with his yet-to-be produced report.  Applying the Fifth Circuit's four-factor balancing test, the court finds as follows:

1)      Explanation for Failure to Adhere to the Deadlines

Plaintiff attributes its failure to comply with the scheduling order to the fact that it did not receive defendant's responses to its March discovery requests until after the June 12 expert disclosure deadline.  Following the June 17 receipt of the initial production and review of same, plaintiff's counsel advised defense counsel on June 25, 2015, that he might need to retain an expert adjuster or underwriter once defendant produced its operational guidelines.  (June 25, 2015, Letter from Charles Heck, Jr. to Shane Craighead; M/Modify Schedule, Exh. 2). Plaintiff's counsel asked defendant to consent to an extension of the deadline – to no avail.  *Id.*, and M/Modify, Memo., pg. 2.

On June 30, 2015, plaintiff's counsel received a copy of defendant's operational guidelines, and upon review, determined that there appeared to be issues relating to how State Farm handled CCI's claim as compared to State Farm's internal guidelines.  Accordingly, plaintiff retained Don Ziegler, a licensed adjuster.  Mr. Ziegler has not received a copy of the operations guidelines or other confidential materials because of the protective order that is in place.

State Farm argues that plaintiff should have known from the suit's inception that the core issue was the manner in which State Farm adjusted the claim.  Thus, plaintiff did not need to await receipt of State Farm's files, records, and guidelines to ascertain the need for an expert adjuster.  The court agrees.  However, the court cannot fault counsel for wanting to defer the decision whether to retain and incur the expense of an expert adjuster until after he had reviewed State Farm's claims file and operational guidelines.  Of course, plaintiff also should have sought an extension of the expert deadlines in advance of their lapse.  *See* Sched. Order.

2)      Importance of the Proposed Modification to the Scheduling Order

In plaintiff's own words:

> [a]t the heart of this matter, which includes claims for bad faith and unfair trade
> practices, is the issue regarding how the claim for Business Interruption was
> handled by State Farm.  There are issues regarding the timing of State Farm's
> requests for information from its insured; the alleged change in the way the claim
> was handled after terms were allegedly agreed upon; and whether or not State
> Farm's actions comported with the industry standard practiced by adjusters in the
> area.  Mr. Ziegler has been a claims adjuster for decades, and has knowledge of
> general adjusting standards which will not only assist the trier of fact in this case,
> but which is also crucial to Plaintiff's in demonstrating that what State Farm did
> in this case was in breach of those standards.  Mr. Ziegler's testimony is not only
> important, it is critical.

(M/Modify, Memo., pg. 5).

Conversely, State Farm argues that whether or not it followed its own guidelines does not require expert testimony.  Courts, however, have permitted expert adjusters to discuss an insurer's standard of conduct and to explain the handling of the insureds' claims.  *See e.g., Jones v. Reynolds*, Civ. Action No. 06-0057, 2008 WL 2095679, at *12 (N.D. Miss. May 16, 2008).  At this point, the court cannot discount the relevance and potential importance of Mr. Ziegler's yet-to-be-formed opinion.

3-4)      Potential Prejudice and the Availability of a Continuance

7

State Farm contends that modification of the expert deadline will cause it to suffer significant prejudice because it then will have to engage in *Daubert* practice and possibly need to retain a rebuttal expert.  However, State Farm faced these burdens even if plaintiff had complied with the deadline(s).  Moreover, plaintiff's counsel notified defense counsel of the potential need to retain an expert adjuster or underwriter only two days after the expert report deadline.  Any minimal prejudice to State Farm by this brief delay may be redressed by a reciprocal extension of State Farm's expert report deadline – an accommodation to which plaintiff has no objection.

Nevertheless, State Farm steadfastly maintains that it does not want a continuance in this matter.  However, the trial date is still over three months away, and there is every reason to believe that the parties, if motivated, can complete all expert-related discovery by that date.

Accordingly, upon application of the four-factor balancing test, the court finds good cause to permit plaintiff to add Don Ziegler as an additional expert, and to extend the deadline for plaintiff to provide defendant with his report.

### Conclusion

For these reasons,

IT IS ORDERED that State Farm's motion to strike expert testimony and report [doc. # 16] is DENIED.

IT IS FURTHER ORDERED that CCI's motion to modify schedule to add Don Ziegler as an additional expert witness [doc. # 18] is hereby GRANTED.  CCI shall provide State Farm with Mr. Ziegler's report no later than **September 4, 2015.**

In Chambers, at Monroe, Louisiana, this 25th day of August 2015.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE